ROSE E. SMITH, RESPONDENT, v. THE SALVATION ARMY, APPELLANT.

ROSE E. SMITH, APPELLANT, v. THE SALVATION ARMY, RESPONDENT.

Submitted May 27, 1927—Decided February 6, 1928.

For the appellant, *Hutchinson & Hutchinson*.

For the respondent, *James Mercer Davis*.

The opinion of the court was delivered by

BLACK, J.   The suit in this case was brought to recover damages for the breach of covenants contained in two leases. Both leases cover the same premises, an hotel property located in the borough of Wrightstown, Burlington county, New Jersey.   The first lease was dated September 1st, 1920; it was for the term of one year.   The second lease was dated September 1st, 1921; it was, likewise, for the term of one year.   At the time of the execution of the leases the plaintiff was the owner only of an undivided two-thirds interest in the premises.   Subsequently, she acquired the remaining outstanding title.

The complaint consists of four counts.   The first and second counts charge that the defendant had failed to surrender the premises in as good condition as at the time of

the execution of the leases. The third and fourth counts charge, making alterations and additions, the commission of waste, the failure to keep the property in good condition. At the close of the trial of the case the judge submitted to the jury eleven written questions embracing the disputed facts in issue and the amount of damages to be found, if any.

The jury found the aggregate amount of the damages to be $4,086.45 to which the plaintiff was entitled, also the specific items constituting the aggregate. The two items of $2,600 and $300 were damages for waste to the freehold. The court then added treble damages to the aggregate of these two items, making the total damages $8,700, for waste committed to the freehold, and then reduced this item by one-third, the interest, not in the plaintiff, entered judgment for $16,946.45, which should be $6,986.45.

The defendant filed twenty-six grounds of appeal. The plaintiff in his appeal filed six grounds of appeal. It would serve no useful purpose to go over these grounds of appeal in detail. They call for no extended discussion, we find in them no reversible error, except as to the amount of treble damages added by the court. There is no reason given for such judicial action, and no attempt is made to justify it in the respondent's brief.

Our reading of the statute on waste (4 Comp. Slat., p. 5789) does not justify the addition of treble damages in this case.

The statute on the subject of waste, as found in our compiled statutes, was taken amost verbatim from Pat. L. of N. J. 179. The statute, however, is much older than that compilation. Section two of that act is what is known as the statute of Marlbridge, the phraseology somewhat changed. 52 Hen. III, ch. 23. It was passed expressly to provide a remedy against tenants committing or suffering waste. Such a remedy did not exist at common law. If the legislature had intended to make the tenant liable for treble damages, it would have, no doubt, expressly so provided, as in section three. Then section three was passed, which is known as the statute of Gloucester. 6 Edw. I, ch. 5. This statute extended the action of waste, so as to include tenants for a term

of years, tenants in dower, by the curtesy, for life or less or for a term of years. It provided for a writ of waste out of Chancery against the tenant so designated. The punishment, however, was increased by this statute. It provided that the place or thing wasted should be recovered together with treble damages. In *Moore* v. *Townshend, 33 N. J. L.* 284, 300, Mr. Justice Depue states, at common law, waste lay against a tenant in dower, tenant by the curtesy and guardian in chivalry, but not against lessees for life or years; citing 2 *Inst.* 299, 305; *Co. Litt.* 54, and, as stated, to remedy this, the statute of Marlbridge was passed, which is section two of our statute giving a remedy by landlords against tenants for waste. *Moore* v. *Townsend, supra,* was an action brought by a landlord against a tenant in an action on the case in the nature of waste, to recover damages for permissive waste under a lease, as in this case. The court there held that such an action will lie against a tenant for years for permissive waste. The exhaustive briefs prepared by the eminent counsel engaged in that case are printed in the report of the case. From these briefs, and the comprehensive survey in the opinion of Mr. Justice Depue, which cover the entire subject of waste, historically and critically, treble damages is nowhere suggested.

It would be strange, indeed, if at this late date it should now be discovered that these statutes provide treble damages for waste, committed by a tenant, to be recovered in a common law action by a landlord. So, in addition to that case, after a diligent investigation, we can find no case in the entire history of our jurisprudence where it is even suggested that treble damages can be recovered in a common law action by a landlord against a tenant. This must be some evidence, that no such remedy exists. The Moore case is cited in the case of *Newman* v. *Sanders,* 89 *N. J. L.* 120; see, also, *Van Syckel* v. *Emery,* 18 *N. J. Eq.* 387. The eighth section is considered in the cases of *Read* v. *Pennsylvania Railroad Co.,* 44 *N. J. L.* 280; *Dorr* v. *Harkness,* 49 *Id.* 571.

None of the other sections of the statute, providing for treble damages, are applicable to the facts of the case here under discussion. These treble damage sections are highly

penal or punitive in character. Even though the third section, *i. e.,* the Gloucester statute, in an appropriate proceeding, as there provided, by a writ of waste out of Chancery against him or her, who holdeth for a term of years, or other term, being convicted of waste, shall lose the thing or place wasted, and be recompensated thrice as much as the damages, to be assessed at by the jury, could be construed so as to include the relation of landlord and tenant, yet, under the case of *D'Amato* v. *Orange Memorial Hospital,* 101 *N. J. L.* 61, the tenant in this case, being a charitable institution, would not be liable for treble damages. That case holds that public policy requires that a charitable institution maintaining a hospital be held not liable for injuries resulting to patients through the negligence or carelessness of its physicians and nurses, even if the injured person is a pay patient—payment for board, medical services and nursing in such case going to the general fund to maintain the charity.

As the jury has settled the question of liability fairly and upon sufficient evidence, so that, disassociated from other questions, it ought to stand, but that there has been error in adding treble damages by the court as indicated, and, as that amount is here separable, the judgment will be affirmed for the amount of damages found by the jury less the amount of treble damages added by the court, to the extent of the plaintiff's interest, under the statute (*Pamph. L.* 1912, *p.* 397, § 72), and the case of *Robinson* v. *Payne,* 99 *N. J. L.* 135.

To the extent indicated the judgment of the New Jersey Supreme Court will be modified, and, as modified, affirmed.

*For affirmance and modification*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.