Complainant owns premises in Belleville which are in the possession of defendant under a lease for a term of years, made by complainant's predecessor in title. The bill charges that the defendant has failed to keep the demised building in repair and has suffered it to become dilapidated. A decree is prayed that defendant pay thrice the damages to be assessed for the waste and that defendant shall lose the premises and its tenancy be terminated. On filing the bill, counsel moved that a writ of waste issue pursuant to R.S. 2:79-3.
"Any person may have a writ of waste out of chancery against any person holding by dower, curtesy, or otherwise, for life, for a term of years, or other term, as well as against guardians; and whoever shall be convicted of waste shall lose the thing or place wasted, and shall be liable in thrice the damages assessed against him by a jury." *Page 460 
The section of our Revised Statutes on which complainant relies is a relic of the Middle Ages, taken from the Statute of Gloucester, 6 Edw. 1, ch. 5, enacted in 1278. Governor Paterson followed the Statute of Gloucester and other ancient English statutes in drafting an act for the prevention of waste, which was passed by our legislature March 17th, 1795. Pat. 179. His statute has retained a place in our books and with minor changes now appears in Title 2 of our Revised Statutes as article I of chapter 79.
It was a principle of the ancient English law, that no action could be maintained in the King's Bench or Common Pleas, without the sanction of the King's original writ, which issued out of Chancery, as the officina justiciae and which gave to the law court jurisdiction of the cause. The writ ran in the King's name and directed the sheriff to command the defendant to appear in the King's Bench or the Common Pleas, as the case might be, there to answer the complaint which was briefly stated in the writ. If the defendant failed to obey, process known as judicial writs issued out of the law court to compel his appearance. SeeStephen on Pleading, ch. 1, in which are several specimens of original writs.
In the Colony of New Jersey, the old English practice was pursued. Actions in the law court were begun by original writs which issued out of Chancery. 18 N.J. Archives 109 to 160.
The practice began to change at the close of the Revolution when the legislature directed that actions of debt should be commenced by summons or capias, judicial writs which issued out of the law courts. Then, in 1799, it was enacted that "the first process to be made use of in personal actions in any of the courts of this state in cases where the plaintiff is not entitled to bail, shall be a summons." Pat. 357, now found in R.S. 2:27-59. It will be noticed that this provision relates only to personal actions, leaving mixed actions to be prosecuted in the old manner. The action of waste was still properly begun by an original writ out of Chancery, since it is a mixed action and not a personal action. 3 Blackstone 227. Another mixed or real action was partition. Paterson's revision enacts that certain classes of tenants may be compelled to make partition "by writ of partition *Page 461 
in that case to be devised in the Court of Chancery, in like manner as co-parceners by the common law have been and are compelled to do, and the same writ to be pursued at the common law." Pat. 250. This enactment was repealed March 27th, 1874. See Revision of 1877 p. 1383. The rules of our Supreme Court still contain provisions relative to the original writs of waste, partition and dower. Rules 176 to 181.
Section 3 of the act for the prevention of waste, of 1795, nowR.S. 2:79-3, means by the term "writ of waste" the common law original writ of that name issuing out of Chancery and returnable into the Supreme Court or other law court. Certainly the enactment does not empower Chancery to try the action of waste and to give judgment therein. It gives no support to the bill of complaint. But that does not lead to a denial of the motion for the writ since the writ does not depend upon a bill, or even a petition. An original writ was always granted, as a matter of course, to whoever asked for it and paid the fee.
An action of waste, on the Statute of Gloucester, was already a rarity in Blackstone's day. The usual remedy for waste was an action on the case, a personal action. This was true even though in the action on the case the recovery was confined to single damages, and was not accompanied by a forfeiture of the tenement.Moore ads. Townshend, 33 N.J. Law 284, 300. I had supposed that at the present time the procedure by writ of waste was entirely obsolete, but Mr. Brearley of the Supreme Court clerk's office, who kindly searched his files at my request, found three precedents — Moorehouse v. Cotheal, 1847 (see22 N.J. Law 430, 521); Craven v. Molonari, 1912, and Burg v. Daskal,1936. With the aid of these forms and of Fitz-Herbert's NaturaBrevium (ed. 1793), counsel has drafted a writ which seems of sufficient value and interest to justify printing in our reports.
THE STATE OF NEW JERSEY TO THE SHERIFF OF ESSEX COUNTY, GREETING:
WHEREAS, it is provided by the statute of this State, R.S. 2:79-2, that no tenant for life or years, or for any other term, shall, during the term, make or suffer any waste or destruction of the houses, *Page 462 
lands or anything belonging to the tenements demised, without special license in writing making mention that he may do it,
SUMMON ISOLANTITE, INC., a New Jersey Corporation, that it be and appear before our Supreme Court at Trenton, on the day of, 1946, to show wherefore said Isolantite, Inc., without such special license, hath made and suffered waste and destruction of the houses and lands in the Town of Belleville in said County of Essex, known as No. 98 Terry Street, Belleville, which said Isolantite, Inc., holds for a term of years of Kenlee Corporation, a New Jersey Corporation, under a conveyance and assignment thereof made to said Kenlee Corporation by Profit Sharing Food Corporation, which demised them to the aforesaid Isolantite, Inc., for that term of years; to the disherison of it, the said Kenlee Corporation, and contrary to the form of the statute aforesaid, as it is said. And have you then and there this writ.
WITNESS, his Honor, LUTHER A. CAMPBELL, Chancellor of the State of New Jersey, at Trenton, this day of January, 1946.
________________________ _________________________ Attorney. Clerk in Chancery.
An original writ is properly issued by the clerk in Chancery, upon payment of his fee, without any order by the court. The motion is therefore denied without prejudice to complainant's buying a writ from the clerk.