**FOX et al. v. WARNER BROS. PICTURES, Inc.**

**Civ. A. No. 1293.**

United States District Court
D. Delaware.

Nov. 21, 1950.

James R. Morford and William Marvel (Norford, Bennethum, Marvel & Cooch) of Wilmington, Del. for plaintiff.

S. Samuel Arsht (Morris, Steel, Nichols & Arsht) of Wilmington, Del., and Morris Wolf (Wolf, Block, Shorr & Solis-Cohen) of Philadelphia, Pa. for defendant.

RODNEY, District Judge.

This is a diversity suit brought by the plaintiffs, residents of New Jersey, against the defendant, a Delaware corporation. The damages claimed are far in excess of the jurisdictional amount and aggregate over $1,000,000.

The complaint sets out that the plaintiffs owned five theatre properties in New Jersey, viz., in Burlington, Riverside, Mt. Holly, Beverly and Swedesboro. All these theatres were rented on April 28, 1930, to the defendant for a period of 20 years with covenants that the lessee would keep the demised premises in good repair and replace any damaged or broken equipment.

The action, generally, is an action by the plaintiffs as landlords and reversioners seeking to recover damages because the defendant (1) failed to keep the premises in repair and make required replacements, and allowed the premises to fall into disrepair in breach of the covenants as lessee; and (2) that the defendant, being a tenant for years, wantonly and wilfully wasted the premises by wantonly and wilfully neglecting to repair the premises and to maintain, restore and replace the various fixtures and portions of the premises which required such action by the lessee.

The complaint embraces six causes of action. The first and second concern the theatres at Riverside and Mt. Holly; the third and fourth the theatres at Beverly and Swedesboro; and the fifth and sixth the theatre at Burlington.

The first, third and fifth causes of action are based as to the respective theatres upon alleged violations of covenants in the lease and these causes of action are not involved in any present question.

The second, fourth and sixth causes of action, as applying to the respective theatres, are brought by the plaintiffs as reversioners and are based upon charges of wilful and wanton waste by the tenant and are expressly founded on a New Jersey statute as set out in the footnote.[1] The damages sought are treble damages as authorized by that statute.

As to these causes of action two, four and six, the defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b), 28 U.S.C.A., because (1) the court lacks jurisdiction over the subject matter of the alleged causes of action, and (2) the venue is improper for said alleged causes of action.

I shall first consider the question of jurisdiction. It is insisted for the defendant that the stated causes of action expressly seeking compensation for damages to real estate are local in nature, as opposed to transitory actions, and can only be brought in the jurisdiction (New Jersey) where the real estate is located. For this was cited the classic case of Livingston v. Jefferson, Fed.Cas. No. 8,411, and the many cases which have followed it. The cases are largely collected in a note in 42 A.L.R. 196.

For the plaintiff it is insisted that the rule of Livingston v. Jefferson can be supported upon no principle save an unreasonable application of the doctrine of stare decisis. It is urged that an action to recover for an injury to real property is no more local than an injury to the person or to personal property and that even actions to recover for torts to real property committed in a state other than that in which the real property is located and actions on contracts respecting lands are recognized as transitory. This court is urged to adopt a rule which is claimed to be more reasonable and logical and as announced in Little v. Chicago, St. Paul, Minneapolis & Omaha R. Co., 65 Minn. 48, 67 N.W. 846, 33 L.R.A. 423. That the rule of Livingston v. Jefferson has been severely criticised is apparent from such authorities as 3 Beale on Conflict of Laws 1652, 1657, where it is said that the doctrine "is an example of stare decisis in its worst aspect—namely, a blind adherence to precedents."

This is a diversity case and I am required by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and other cases to undertake the sometimes difficult task of attempting to ascertain with precision the attitude of the Delaware courts. No pertinent Delaware decision has been found,

---

1. 2:79–3, New Jersey Statutes Ann. "Any person may have a writ of waste out of chancery against any person holding by dower, curtesy, or otherwise, for life, for a term of years, or other term, as well as against guardians; and whoever shall be convicted of waste shall lose the thing or place wasted, and shall be liable in thrice the damages assessed against him by a jury.

and there is little, if any, data from which a conclusion can be drawn.

■ Fortunately, however, in the view I take of the case, it is unnecessary for me to exhibit the temerity to question a considered opinion by Chief Justice Marshall and announced in Livingston v. Jefferson. The causes of action now considered are brought expressly under the provisions of the New Jersey statute hereinbefore quoted. The New Jersey statute therefore must be construed and considered. All of the authorities agree that where a case is governed by the statutory law of another state which is properly brought into a case, the construction placed upon statutes by the courts in which they have been enacted will be accepted by the courts of the forum as the proper construction.[2]

The New Jersey Statutes, 2.79–2, 3, seem to date from 1795 but are adaptations of the English Statutes of Marlebridge (1267) and Gloucester (1278). Under these statutes actions of waste were mixed actions because they involved (1) the recovery of the place wasted, and (2) damages for the waste—single damages under the Statute of Marlebridge and made treble damages under the Statute of Gloucester. At an early date the action of waste was largely displaced by a more convenient action or, as said in Moore v. Townshend, 33 N.J.L. 284, 300, "The action on the case in the nature of waste has almost entirely superseded the common law action of waste * * * as furnishing a more easy and expeditious remedy than a writ of waste. It is also an action encouraged by the courts, the recovery being confined to single damages and not being accompanied by a forfeiture of the place wasted."

The distinction in New Jersey between the Statutory actions of waste with its consequent liability for treble damages, and an action on the case in the nature of waste involving only actual damages was before the New Jersey Court in Smith v. Salvation Army, 104 N.J.L. 102, 140 A. 298, 299. In that case the court of last resort of New Jersey expressly held that the New Jersey Statute now considered 2.79–3 did not authorize treble damages for waste committed by a tenant and sought to be recovered in a common law action by a landlord.

It is not necessary to further consider the technical action of waste as provided by the New Jersey Statute and founded upon a writ of waste issuing out of chancery but triable in the law courts. The right to that writ of waste was discussed in Kenlee Corporation v. Isolantite, Inc., 137 N.J.Eq. 459, 45 A.2d 500.

■ The present causes of action seem to fall within the class covered by Smith v. Salvation Army, supra, and it must follow that the causes of action for treble damages and based solely upon the New Jersey statute are not maintainable in this action.

But the plaintiff in its brief suggests that instead of dismissing the causes of action, the case should be transferred to the District of New Jersey, even though no formal motion for transfer has been made by the plaintiff. For this it relies upon Section 1406(a) of Title 28, United States Code Annotated, set out in the footnote.[3] It will be noted that a case may be transferred to a place "in which it could have been brought." These are precisely the same words as appearing in the cognate section 1404(a) and this court has held[4] that a transfer is only justified to a jurisdiction in which the defendant was liable to process. The plaintiffs' brief in this case expressly states that the defendant here is not liable to process in New Jersey and cannot be served there. Again it may be pointed out that the venue in this court is not the primary consideration, but objection is made to the jurisdiction and service has been had and three causes of action here are not objected to. I know of no authority

2. 2 Lewis-Sutherland Stat.Const. (2d Ed.) p. 620; 14 Am.Jur. 302; 50 Am.Jur. 316; 73 A.L.R. 899.

3. 28 U.S.C.A. Sec. 1406. (a) "The district court of a district in which is filed a case laying venue in the wrong division

or district shall * * * transfer such case to any district or division in which it could have been brought."

4. Tivoli Realty v. Paramount Pictures, D. C., 89 F.Supp. 278.

to transfer a portion of a cause. Finally it may be pointed out that a transfer of the causes of action here objected to would be unavailing even if made. The transfer would be required to be made to the District Court of New Jersey. That court would be bound even more strictly than this court with the ruling of Smith v. Salvation Army in the Court of Appeals of New Jersey and consequently the causes of action would be there dismissed. Causes of action two, four and six must be dismissed and an appropriate order may be submitted.