735 A.2d 64

KEVIN BIRCH, PLAINTIFF, v. DONNA HANLEY, DEFENDANT.

Superior Court of New Jersey
Law Division
Special Civil Part
Monmouth County

Decided April 28, 1999.

*Kevin Birch*, Plaintiff, pro se.

No appearance was made on behalf of defendant.

MARK A. SULLIVAN, Jr., J.S.C.

■ This application concerns the continued viability of *N.J.S.A.*2A:65-3 in awarding landlords treble damages for waste committed by tenants. The Statute in question provides:

"A civil action may be maintained in the superior court against the tenant, and upon a finding that waste has been committed, treble damages shall be assessed or granted, and the defendant shall lose the thing or place wasted."

Although the genesis of this Statute dates back to England when the Statute of Marlbridge was enacted in 1267. There is very little recent case law on the subject.

In 1950 the United States District Court for the District of Delaware ruled that the New Jersey courts did not apply that statute to common law actions and therefore declined to award treble damages to the owner of movie theaters that had been leased to defendant Warner Brothers. *Fox v. Warner Bros. Pictures, Inc.*, 95 *F.Supp.* 360 (D.Del.1950).

The within action is a common law claim for rent and "intentional damages" by plaintiff landlord against his former tenant. Defendant is in default for failure to appear. At a proof hearing Plaintiff requested treble damages pursuant to the above statute which he found in the Department of Community Affairs *Truth in Renting* pamphlet.

Were the court to simply follow the *Fox* case, treble damages arguably would not be permitted. The decision in *Fox*, supra, however, was based on the decision of the New Jersey Court of Chancery in *Kenlee Corporation v. Isolantite, Inc.*, 137 *N.J.Eq.* 459, 45 *A.2d* 500 (Ch.1946) Vice Chancellor Bigelow wrote in that case at p. 460, 45 *A.2d* 500:

"The section of our Revised Statutes on which complainant relies is a relic of the Middle Ages, taken from the Statute of Gloucester, 6 Edw. 1, Ch. 5, enacted in 1278. Governor Paterson followed the Statute of Gloucester and other ancient English statutes in drafting an Act for the prevention of waste, which was passed by our legislature March 17, 1795. Pat.179. His statute has retained a place in

our books and with minor changes now appears in Title 2 of our Revised Statutes as Article I of Chapter 79."

Later at p. 461, 45 *A*.2d 500 he states:

"An action of waste, on the Statute of Gloucester, was already a rarity in Blackstone's day. The usual remedy for waste was an action on the case, a personal action. This was true even though in the action on the case the recovery was confined to single damages. . . ."

He nevertheless ruled that, so long as the action filed was for a "Writ of Waste" as opposed to a common law suit, the statute was applicable and enforceable. This explains why the Federal Court in Delaware limited its holding to "common law" actions.

Interestingly the issue was readdressed by the New Jersey courts in 1954. Judge Kalteissen found in *Cruickshanks v. Eak,* 33 *N.J.Super.* 285, 110 *A*.2d 61 (Law Div.1954) that treble damages were still provided for in suits by landlords for waste by tenants. He pointed out that, at the time relevant to the cause of action before him, the statute read differently than its present form. At that time it provided:

"Any person may have a writ of waste out of chancery against any person holding by dower, curtesy, or otherwise, for life, for a term of years, or other term . . .; and whoever shall be convicted of waste shall lose the thing or place wasted, and shall be liable in thrice the damages assessed against him by a jury."

Notably the new statute refers specifically to "a civil action . . . in the superior court" apparently eliminating the procedural requirement of a Writ of Waste in order to obtain treble damages.

Various states have dealt with the same problem differently. In *Creekmore v. Redman Industries, Inc.,* 671 *P*.2d 73, 77 (Okla.App. 1983) the Oklahoma Court of Appeals held:

"The Statute of Gloucester was ignored for more than 300 years in England after its enactment, and was repealed in 1879. According to Restatement, Second, Property s 198, this early English statute has not become a part of the law of an American state in the absence of an express reenactment thereof . . . We hold pursuant to the clear weight of authority that Oklahoma has not adopted the Statute of Gloucester. . . ."

In *In re Evergreen Ventures,* 147 *B.R.* 751, 754 (Bankr.D.Ariz. 1992) the Bankruptcy Court gave the following history of the original statutes:

"The Statute of Marlbridge, enacted in 1267, restricted the use of estates for years or for life for the protection of future owners of the land. The Statute of Gloucester, enacted in 1278, provided for treble damage for waste. A third English statute on waste, the Statute of Westminster II, enacted in 1285, expanded remedies for waste to joint tenants and tenants in common. 5 Powell, supra, at 56–3–6."

The Supreme Court of Oregon found the statute still to be applicable in 1987. *Vollertsen v. Lamb,* 302 *Or.* 489, 732 *P.*2d 486 (1987).

It appears to this court that the affirmative act of the legislature in 1948 of adopting *N.J.S.A.* 2A:65–3 and making it applicable to "civil actions" in "superior court" was to keep the statute viable under the new constitution and to remove the restriction that it not be applicable to common law actions.

That does not mean that this statute is exclusive in its applicability to damage by tenants. Clearly landlords who avail themselves of their right to charge damages against a security deposit pursuant to *N.J.S.A.* 46:8–21.1 have elected a different remedy and cannot also have the benefit of treble damages.

In the instant case the security has already been applied to rent and the balance sued for arises from intentional damage. Plaintiff will therefore be allowed treble damages.